**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LAMONT BOYD, | : | |
| | : | Civil Action No. 08-5486 (WJM) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LEO P. MCGUIRE, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Lamont Boyd
Bergen County Jail
160 South River Street
Hackensack, New Jersey 07607

**MARTINI**, District Judge

Plaintiff Lamont Boyd, a prisoner previously confined at Bergen County Jail in Hackensack, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that he practices the Muslim faith. He asserts that when he was first confined, both Muslim and Jewish prisoners received kosher meals, including meat, that met their religious requirements. In December 2007, to contain costs because of an upsurge in the population of Muslim prisoners, Muslim prisoners began to receive a vegetarian diet, while Jewish prisoners continued to receive a kosher diet that included meat.

Plaintiff asserts that it is not appropriate to provide only a vegetarian diet to Muslim prisoners, while continuing to provide a kosher diet including meat to Jewish prisoners. Plaintiff does not assert that the vegetarian diet is not nutritionally adequate or that it does not comply with his religious requirements. He simply contends that the Muslim prisoners should receive a diet that includes Halal meat.

The Court construes the Complaint as attempting to assert claims under the Free Exercise Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff names as defendants Sheriff Leo P. McGuire, Undersheriff Allen Ust, and Aramark Food Services. He seeks compensatory damages and injunctive relief.

II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what

3

the ... claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, <u>see</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

<u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). <u>See also</u> <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d at 906 (a court need not credit a <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions").

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) provides:

> A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances. ... If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense.

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
>     (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u>
>     (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added). <u>See</u>, <u>e.g.</u>, <u>Pruden v. SCI Camp Hill</u>, 252 Fed.Appx. 436 (3d Cir. 2007); <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007).

### III. <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the

5

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   ANALYSIS

A.   The Free Exercise Claim

In Williams v. Morton, 343 F.3d 212 (3d Cir. 2003), the Court of Appeals for the Third Circuit considered, and rejected, a Free Exercise claim identical to that presented here.  The Court of Appeals noted initially that "the burden is not on the state to prove the validity of the challenged prison regulation but instead is on the inmate to disprove it."  343 F.3d at 217 (citing Overton v. Bazzetta, 539 U.S. 126 (2003).  Then analyzing the prisoners' constitutional claims under the four-part test enunciated by the Supreme Court in Turner v. Safley, 482 U.S. 78 (1987),[1] the Court held that (1) the provision of vegetarian

---

[1]   First, there must be a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it....  A second factor relevant in determining the reasonableness of a prison restriction ... is whether there are alternative means of exercising the right that remain open to prison inmates....  A third consideration is the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally.... Finally, the absence of ready

meals, rather than Halal meals with meat, is rationally related to the legitimate penological interests in simplified food service, security, and budget, (2) that Muslim prisoners have various ways, other than eating the desired Halal meals with meat, to practice their religion, (3) that providing Halal meat meals to a substantial number of Muslim prisoners would have a marked effect on the prison community, and (4) the cost of providing Halal meat meals is not de minimis and so is not a ready alternative to vegetarian meals.

Plaintiff has alleged no facts that would take his Free Exercise claim outside of the result reached in Williams. Accordingly, this claim will be dismissed with prejudice.

B.   The Equal Protection Claim

To prevail on an equal protection claim, a plaintiff must present evidence that he has been treated differently from persons who are similarly situated. See City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Turner is equally applicable to prisoners' equal protection claims. See Williams, 343 F.3d at 221 (citing DeHart v. Horn, 227 F.3d 47, 61 (3d Cir. 2000) (en banc)).

---

　　　　alternatives is evidence of the
　　　　reasonableness of a prison regulation.

Turner v. Safley, 482 U.S. at 89-90.

7

Plaintiff's equal protection claim here departs from the analysis of the Court of Appeals in <u>Williams</u>, because the <u>Williams</u> plaintiffs provided no evidence that Jewish prisoners received meat in their kosher meals. Here, by contrast, Plaintiff specifically asserts that Jewish prisoners receive meat in their kosher meals. Accordingly, this claim will be permitted to proceed beyond this preliminary screening stage, for purposes of developing a factual record for application of the <u>Turner</u> analysis.

C.   <u>The Request for Injunctive Relief</u>

Plaintiff asks this court for injunctive relief in the form of an order that the Muslim population of Bergen County Jail receive seven meat meals per week as well as any other time that the Jewish prisoners receive meat meals.

Plaintiff now lacks standing to bring this claim for prospective injunctive relief. By Letter [2] dated February 26, 2009, Plaintiff advised the Court that he had been convicted and anticipated transfer to the Central Reception and Assignment Facility in West Trenton, New Jersey. The New Jersey Inmate Locator confirms that Plaintiff was admitted to CRAF on February 27, 2009, and that his anticipated parole eligibility date is November 18, 2018. Plaintiff now cannot show that he faces a real and immediate threat of future injury arising out of the challenged conduct. <u>See</u>, <u>e.g.</u>, <u>City of Los Angeles v. Lyons</u>, 461

8

U.S. 95 (1983); Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987). Without formally proceeding as a representative of a class, see, e.g., Wolff v. McDonnell, 418 U.S. 539, 553 (1974), Plaintiff also cannot seek relief for third parties. See Warth v. Seldin, 422 U.S. 490, 499 (1975) (holding that a plaintiff "cannot rest his claim on the rights or interests of third parties" or merely assert a harm that is a generalized grievance "shared in substantially equal measure by all or a large class of citizens"). Accordingly, the claim for prospective injunctive relief will be dismissed with prejudice.

V.   CONCLUSION

For the reasons set forth above, the First Amendment Free Exercise claim will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e, for failure to state a claim. However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein with respect to the Free Exercise claim, the Court will grant Plaintiff leave to file an amended complaint.[2] The Equal Protection claim may

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and

9

proceed.  The claim for prospective injunctive relief will be dismissed with prejudice.  An appropriate order follows.

                                            s/William J. Martini

                                            William J. Martini
                                            United States District Judge

Dated: 5/5/09

---

explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.